# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

**19-CV-1413** RSL-BAT

_Richard H. Warren_
(Name of Plaintiff)

CIVIL RIGHTS COMPLAINT
BY A PRISONER UNDER 42
U.S.C. § 1983

vs.

_STATE OF WASHINGTON,
DEPARTMENT OF CORRECTIONS,
(DOC) MONROE CORRECTIONS Complex-TRU
and Listed DEFENDANTS, CRCC._

(Names of Defendant(s))

## I. Previous Lawsuits:

A. Have you brought any other lawsuits in any federal court in the United States while a prisoner?:

☒ Yes        ☐ No

B. If your answer to A is yes, how many?:_____**2**_____. Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff: _Richard H. Warren_

Defendants: _(DOC) McNeil Island Corrections Center_

2. Court (give name of District): _Western District (Tacoma)_

3. Docket Number: _C10-5239 BBL/KLS_

2-A

8. Richard H. Warren, (Plaintiff)

( DOC) Stafford Creek Corrections Center, (Defendants)


9. Western District, (Court) Tacoma

NO.
10. C11-5686 BHS/KLS, (Docket)

11. Karen L. Strombom, (Judge)

12. Case Closed, 12-10-2012, (Disposition)

13. 8-29-2011, (Filing of lawsuit)


14. 12-10-2012, (Approximate date of disposition)

2.

4. Name of judge to whom case was assigned: _Karen) Stanonbom_

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?):
_Case Closed 4-19-2011_

6. Approximate date of filing lawsuit: _4-26-2010_

7. Approximate date of disposition: _4-19-2011_
   **SEE:** Attached

II. **Place of Present Confinement:** _Coyote Corrections Center (CRCC)_

   A. Is there a prisoner grievance procedure available at this institution?   ☒ Yes   ☐ No

   B. Have you filed any grievances concerning the *facts* relating to this complaint?
   ☒ Yes   ☐ No

   If your answer is NO, explain why not:

   _____

   C. Is the grievance process completed? **SEE:** Attached Grievance Filed,   ☐ Yes   ☒ No
   under C.

   **If your answer is YES, ATTACH A COPY OF THE FINAL GRIEVANCE RESOLUTION for any grievance concerning facts relating to this case.**

III. **Parties to this Complaint**

   A. Name of Plaintiff: _Richard H. Warren_      Inmate No.: _952316_

   Address: _Coyote Ridge Corrections Center, I-Bol-L, P.O. Box 769, Connell, WA 99326._

   (In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

   B. Defendant: _Monroe Corrections Complex (TRU)_   Official Position: _Prison_

   Place of employment: _DOC, Monroe, Washington_

   C. Additional defendants _State of Washington,_      Official Position: _AG_
   _Place of employment: Olympia, Washington_

   _SEE: Attached_

3-A

1  Defendant: Adelaide O. Horne _____, Official Position, Health Service Provider

2  Place of employment: Monroe Corrections Complex - Twin River Unit _____.

3

4  Defendant: Department of Corrections _____, Official Position, Headquarters

5  Place of employment: Olympia, Washington _____.

6

7  Defendant: Belinda Stewhat _____, Official Position, CPA - Religious Program Mgt

8  Place of employment: DOC, Headquarters - Olympia, Washington _____.

9

10  Defendant: Abeig Awad _____, Official Position, Health Service Provider

11  Place of employment: Monroe Corrections Complex - Twin Rivers Unit _____.

12

13  Defendant: Michael S. Hathaway _____, Official Position, CPM

14  Place of employment: Monroe Corrections Complex - Twin Rivers Unit _____.

15

16  Defendant: Kenneth Sawyer  (MD) _____, Official Position, Orthopedic Specialist

17  Place of employment: DOC, Olympia, Washington _____.

18

19  Defendant: Mary A. Grimbo _____, Official Position, Health Service Provider

20  Place of employment: Monroe Corrections Complex - Twin Rivers unit _____.

21

22  Defendant: Patricia Christiansen _____, Official Position, Health Service Provider

23  Place of employment: Monroe Corrections Complex - Twin Rivers unit _____.

24

25  Defendant: Jeffery E. Flick _____, Official Position, CUS (D-Unit)

26  Place of employment: Monroe Correction Complex - Twin Rivers Unit _____.

27

28

4.

1  Defendant: Monquescha D. Walker                , Official Position: Counselor (D-unit)

2  Place of employment: Monroe Corrections Complex-Twin Rivers Unit            .

3

4  Defendant: Steven M. Sager                , Official Position: Counselor (D-unit)

5  Place of employment: Monroe Corrections Complex-Twin Rivers Unit            .

6

7  Defendant: Sarah E. Landis                , Official Position: Health Service Provider

8  Place of employment: Coyote Ridge Corrections Center            .

9

10 Defendant: Brandi Blair                , Official Position: Grievance Coordinator

11 Place of employment: Monroe Corrections Complex-Twin Rivers unit            .

12

13 Defendant: C/O Kantak Thomas A (D-unit)   , Official Position: Sergeant (sgt)

14 Place of employment: Monroe Corrections Complex-Twin Rivers unit            .

15

16 Defendant: C/O Kirt                , Official Position: Officer (D-unit)

17 Place of employment: Monroe Corrections Complex-Twin Rivers unit            .

18

19 Defendant: Coyote Ridge Corrections Center   , Official Position: Prison

20 Place of employment: Connell, washington            .

21

22 Defendant: _____, Official Position: _____

23 Place of employment: _____

24

25 Defendant: _____, Official Position: _____

26 Place of employment: _____

27

28

# Grievances Filed

A. MCC-TRU, Sick Call Refusal: Filed 3-12-2019, Log ID no. 19675053, (open), grieved as; Cruel and unusual punishment, Irreparable harm, medical deliberate indifference, medical neglect, mental anguish, ill intent, inadequate medical care, pain and suffering, not valuing me, Compassion Fatigue.

B. MCC-TRU, MRI and Neurologist Refusal: Filed 5-5-2019, Log ID no. 19678588, (open), grieved as; Cruel and unusual punishment, deliberate indifference, ill intent, staff misconduct, Conspiracy.

C. MCC-TRU, Retalitory Transfer: Filed 6-19-2019, Log ID no. 19681371, (Closed) as not accepted 7-22-2019: grieved as; Violation of Religious Freedoms, Retalitory transfer, Religious discrimination, staff misconduct, Conspiracy.

D. CRCC, Religious discrimination: Filed 6-26-2019, Log ID no. 19682775, (open), grieved as; Religious discrimination.

E. CRCC, Physician Refusal of Care: Filed 7-17-2019, Log ID no. 19683071, (open), grieved as; Deliberate indifference, Cruel and unusual punishment, malpractice, incompetence, staff misconduct.

F. MCC-TRU, Mail Room Theft: Filed 3-27-2019, Log ID no. 19675939 (open), grieved as; Grand Larceny, misappropriation of Inmates Funds and property, petty theft, staff misconduct. NOTE: This is a seperate issue but is related to the nature of my Complaint under Retalitory transfer and Retaliation for use of grievance program.

NOTE: Please Review each grievances; Initial, Re-Write, and appeal for clear context.

### IV. Statement of Claim

(State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved, including dates, places, and other persons involved. <u>Do not give any legal arguments or cite any cases or statutes.</u> If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.)

1  I want to File a Formal complaint against Monroe Correction Complex-Twin Rivers unit, CRCC, The
2  department of corrections, The State of Washington, Adelaide O. Horse, Michael S. Hathaway,
3  Kenneth Sawyer, Mary A. Gumbo, Patricia Christiansen, Jeffrey E. Flick, Maqueesaha D. Walker,
4  Steven M. Sagee, Brandi Blair, Areej Awad, C/o Kiat, Thomas A. Kantak, Belinda Stewart,
5  Sarah E. Landis For Cruel and unusual punishment, irreparable harm, systemic cruelty, display of
6  unnecessary wanton infliction of pain), Failure to Report L+I, work injury, medical Failure to
7  protect, medical deliberate indifference, conspiracy, medical malpractice, medical incompetence,
8  willful endangerment, hate crime, willful disregard For human life, Negligence, equal protections
9  violations, Religious discrimination, Religious deliberate indifference, medical individual carelessness,
10 interfering with seriously needed medical care, treatment and therapy, Causing imminent danger
11 of serious physical injury, Conspiracy to deny Freedom of Religion, Conspiracy to deny
12 adequate medical care, Conspiracy to deny due process under DOC grievance program, Abuse,
13 Coercion, obstruction of medical care, obstruction of Religious exercise, Conspiracy to
14 commit 1 and 2 degree assault and battery, willful intent to cause harm, ill-intent, reckless
15 endangerment, medical compassion Fatigue, Anti-Semitism, Retaliation, violation of medical code
16 of ethics, property damage and loss, denial of First-call medical care, Retaliating transfer, denying my
17 Rights to access life and limb saving treatments and therapies, denying this prisoner life, limb,
18 liberty in the pursuit of happiness, and violated my Freedom of speech rights.
19
20 On approximately 11-9-2017 Coyote Ridge Corrections Center transferred me to Monroe Corrections
21 Complex-Twin Rivers unit under: Religious Priority Transfer by DOC (HQ) headquarters,
22 per CPA Religious program manager Belinda Stewart. The transfer was implemented
23 under the Framework that DOC HQ saw it more Religiously accommodating and suitable to
24 place all Jewish prisoners at one Facility (MCC) Monroe Corrections Center, a more
25 accessable location For Seattle Jewish organizations. I agreed to HQ's Religious transfer
26 Offer presented to me by way of CRCC chaplain Erik Askren, Facilitated by Counselor CC2:
27 Duane. D. Rhynes of CRCC D-unit.... NOTE: March of 2011 Stafford Creek Corrections
28 Center transferred this prisoner to CRCC For Religious needs. CRCC adequately accommodated my
29 Religious needs For approximately 7 years until the HQ 2017 Religious transfer to MCC-TRU.
30 CRCC ended Orthodox Judaism Services after transferring me, I was the only Orthodox Jew at CRCC.

### V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

4 - A

1 ON approximately 2-14-2019 at(MCC-TRU) Monroe Corrections Complex-Twin Rivers unit while in
2 the course of employment as the D-unit, C-wing Custodian I sustained a lower back injury
3 from the lifting trash cans and boxes nature of the job. I initially Reported the back pains to D-unit
4 staffing, C/O's Hussy and Simpson they advised if the issue continued Report to sick-call. On 2-20-2019
5 I saw PAC Mary A. Grambo due to continued lower back pain and lack of movements. On 2-22-2019 at
6 approximately 5:40 am I declared a medical emergency having extreme lower back pain and right leg pain, I
7 was seen by PAC Patricia Christiansen. On 2-25-2019 due to increasing suffering and pain I was
8 examined by PAC Adelaide O. Horne my MCC-TRU primary care giver who diagnosed my condition as
9 sciatica. On 3-28-2019 PAC Horne, after a second examination sought consulting (CRC) care
10 Review Committee for MRI testing duplicitly. On 5-23-2019 PAC Horne informed my condition was
11 also a herniated disk upon her dialogue with Doctor Kenneth Sawyer MD. On 5-29-2019 PAC Horne
12 advised possible surgical repair and scheduled physical therapy for 6-10-2019. On 6-6-2019 MCC-TRU
13 medical had me sign the MRI screening form for Evergreen Health Monroe, the MRI never happened
14 due to MCC-TRU custody was permitted to transfer me out of MCC-TRU on 6-10-2019 for my
15 Refusing to take the SOTAP program, and as an attempt to negate grievances against MCC-TRU.
16 MCC-TRU medical permitted custody to put me in transit in my condition, and did not establish a
17 medical hold on me until properly repaired medically, transit caused me more pain and suffering,
18 delay of adequate care of this prisoner, interference of treatment, caused immenent danger of serious
19 physical injury, irreparable harm, in which presented an unnecessary wonton infliction of pain by
20 MCC-TRU medical allowing Doc Custody to dictate medical care and decission regarding the health and
21 welfare of persons ward of the State of Washington and the department of Corrections. On 7-3-2019
22 nearly Four months from my initial examination by PAC Horne on 2-25-2019 an MRI was initiated at
23 Trios hospital in Richland Washington, this displays a clear indication of curel and unusual punishment of
24 this prisoner, and deliberate indifference on all parties stated in this complaint. On 3-12-2019 due to
25 suffering intense back pain, leg numbing and pain, I went to MCC-TRU medical sick call, at that time
26 MCC-TRU medical staff and an unknown provider refused me sick-call, stating my condition was
27 on-going and not a sick-call matter and to sign up to see my provider, a process that takes up to two

1  weeks. Upon being denied medical care 3-12-2019 by MCC-TRU medical, I filed a formal grievance on

2  3-12-2019 under cruel and unusual punishment, the grievance as of 6-7-2019 is under level 3 appeal,

3  but as of my 6-10-2019 transfer to CREC, the MCC-TRU grievance coordinator Brandi Blair in a

4  conspiratous attempt to shield inappropriate conduct of MCC-TRU medical and custody officials

5  continues to impede grievance process. On 5-9-2019 Doc MCC-TRU custody of D-unit, held a

6  (FRMT) Facility Risk Management team, facilitated by Cus Flick and Counselors Sager and Walker,

7  I was told I was taking up bed space due to not doing the sex treatment program and I needed

8  T4C (Thinking For A Change programing), thus I was being transfered out. I informed them my

9  placement at MCC-TRU was Religious priority placement per HQ in 2017 for Jewish program

10  services, I also informed them that I had a serious medical condition (Sciatic) awaiting

11  further care. My comments and facts fell on deaf ears and hands, and in a malicious act to

12  cause this prisoner further damage, pain, emotional distress and suffering initiated a transfer

13  order for CREC placement, opposite of (WSR) placement, at ten minute drive to Monroe

14  Washington State Reformatory where it facilitates orthodox Jewish Religious services. This displayed

15  ill-intent to cause harm, set forth threat and Risk of physical injury, Religious freedom infringement,

16  Religious discrimination, treatment interference, inadequate medical care regarding medical staff who

17  were consulted, cruel and unusual punishment, failure to protect and Anti-semitism by defendants.

18  To ensure successful HQ support for transfer FRMT excluded my comments from documentation.

19  As additional collaborators in the conspiracy and coercion in this matter of cruel and unusual

20  punishment are defendants sergeant Kantak and c/o Kirt. Stg Thomas A. Kantak in

21  conjunction with Cus Flick and MCC-TRU medical's want to torture this prisoner at a

22  maximum degree with full knowledge of my medical disposition and condition and (HSR)

23  Health Status Report inwhich detailed Restrictions, constantly cell moved this prisoner within a

24  period of a month and a half from C-wing 501 to B-wing 325 lower bunk to C-wing 501 upper bunk

25  to C-wing 506 lower bunk to C-wing 505 lower bunk to (WCC)A-5 floor to CREC I-B01-Lower bunk. The

26  MCC-TRU D-unit C and B wing move Log for the months of February March, April and June 2019 will

27  attest to this fact and statement. On 6-10-2019 I arrived at (WCC) Washington Correction Center

28  Receiving Center in Shelton Washington after a painful two hour bus transport, where I slept on

1  the floor in the R-5 unit for three days. On 6-13-2019 I underwent additional abuse
2  including a second bus transport for nine hours hours to CRCC Connell Washington. The
3  transfer shows good cause exists that state employees have caused me gross deprivations on an
4  unparalleled measure. On 5-21-2019, 5-22-2019 and 5-23-2019 I Kiosk messaged CPM Michael S.
5  Hathaway of MCC-TRU regarding the retaliatory transfer, Hathaway responded; he hoped HQ
6  was informed with all the needed information before their decision to approve transfer. I
7  replied, HQ sent me to MCC-TRU under religious priority transfer 2017, and of my current
8  medical condition. The defendants as DOC personal and State of Washington employees set forth to
9  coerce this prisoner to submit to participation in a volunteer based treatment not court ordered in
10 the judgment and sentence of this prisoner, under threat of 1. Transfer 2. Halt of medical care
11 3. loss of religious services, with the underlined agenda to purge all active grievances against
12 MCC-TRU medical and mail room. The MCC-TRU FRMT hard copy dated 5-17-2019 of the 5-9-2019
13 classification supports allegation of coercion holding ring of truth. On 6-7-2019 in a childish
14 senseless malicious act, C/O Kirt of D-unit, who packed my property, without my knowing
15 purposely packed my CD-Radio-cassette player in a half filled box to be broken in shipping, C/O Kirt
16 stated it was in a separate box for protection and I now had 11 boxes instead of 10, and that box was
17 secure and safe. However, the player was distroyed. C/O Kirt's actions also fall under cruel and
18 unusual punishment, he violated the shipping DOC policy of prisoners property of electronic's, in which
19 caused damage and property loss. Policy requires the application of bubble wrapping.
20 Defendant's were of full knowledge that CRCC offered no orthodox Jewish Judaism religious
21 service as of November of 2017. On 6-19-2019 I filed a formal grievance on MCC-TRU regarding
22 this issue, and on 6-26-2019 Brandi Blair, the MCC-TRU grievance coordinator responded my
23 grievance was not accepted, the response was appealed. On 7-11-2019 I filed formal grievance on
24 CRCC for not facilitating a place and time and the religiously required day for orthodox Jewish
25 Judaism Shabbos Eve ritual services, and for treating me other than similar religious groups. As
26 part the ongoing pattern of cruel and unusual punishment by the defendants, on 8-20-2019 upon
27 seeing PAC Gumbo, though she layed me in from work under (HSR) she violated the labor and
28 industries guidelines, state law, and DOC policy by not reporting a work place injury after I disclosed

1  to her how the injury occurred, this violation extends also to PAC Christiansen and PAC Horne

2  on 5-22-2019 and 5-25-2019. The injury caused me loss of employment and lost wages from 5-20-2019

3  to date. It has been over (6) six month since the date of reporting of the untreated injury.

4  On 6-18-2019 at CRCC I was seen by PAC Ririe, he informed me that CRCC medical had no

5  medical records to adequately address my sick-call visit that day and had to refer to

6  available information on the computer to assist me. The MCC-TRU defendants willfully

7  withheld my medical charts to cause this prisoner continued anguish, abuse and mental distress, due

8  to I was sent to CRCC from MCC-TRU on 6-10-2019. On 7-10-2019 at CRCC K building I personally

9  Reported to two Rabbis who visited me of The Aleph Institute that I have not been able to

10  observe an Orthodox Judaism Shabbos Eve ritual service at CRCC-DoC in any form under

11  Jewish law since my arrival. Note: Shabbos Eve service are weekly, held Friday evenings.

12  Defendant's further cause this prisoner irreparable harm by sending me to a DoC medical facility that

13  has no physical therapy. MCC-TRU medical facility while at MCC-TRU scheduled PT on 6-10-2019 yet

14  MCC-TRU custody put me in a reprisal transfer that date 6-10-2019 to kill any care, delay and

15  interrupt. The over all interference and delay in medical care has additionally caused

16  Peripheral Neuropathy, reported me by PAC Ririe on 7-24-2019. This condition is a result of damage

17  to nerves often causing weakness, pain, numbness, tingling, and the most debilitating balance problems.

18  This damage is caused by lack of blood flow to the nerves in the hands, feet, and leg which causes

19  the nerve to begin to degenerate due to lack of nutrient flow, and the nerves begin to die as the

20  nerve blood vessels become diseased, shrivel and degenerate. This cause's burning and many

21  additional symptoms. The effective treatment of Neuropathy is finding out 1. What is the underlying

22  cause, 2. How much nerve damage has been sustained, 3. How much treatment will the

23  condition require. Once a person sustains 85% nerve loss, there is likley nothing that can be

24  done for the person period. Defendants have failed to research the three stated factors above. Common

25  treatment is prescription drugs that may temporarily reduce symtons are Gabapentin, Lyrica,

26  Cymbata and Neurontin, they are primarily antidepressants and anti-seizure drugs.

27  These drugs have a variety of harmful side effects also cause uncomfortableness. Most clinical goals

28  are to establish a detailed neurological and vascular evaluation to increase blood flow, stimulate

1   small Fiber nerves, and decrease brain-base pain. Low level light therapy, Laser therapy,
2   surgery and sound therapy treatment are clinical options of plan of attack. My current condition
3   is medically documented as: Atrophy Excelleration, Sciatic, Lower spine injury, Herniated disk,
4   and Neuropathy. The loss of Muscle mass is overwhelming. Defendant's have denied this prisoner
5   his protected Right to life, limb, liberty in the pursuit of happiness by transfering and transporting me
6   to a institution that fails to facilitate medical physical therapy and no orthodox Jewish Judaism
7   Religious program services, yet only offers Messianic prerequisite and services. The defendates in
8   their official capacity failed to adequately transfer me to a facility where physical therapy is available in
9   its medical clinic, where immediately came follow up would be achieved to repair and determine cause
10  and treatment of injury damage sustained, also failed to transfer me to a facility that
11  accommodated my Religious faith. The complaint in its full scope shows evidence establishing a
12  genuine issue of fact with Regard to illegal activety under: willful endangerment, imminent
13  danger of serious harm physical and Religiously, willful disregard for human life, violations of the
14  standard of decency, anti-semitism, hate crime, discrimination, violation of due process rights,
15  damages, property loss, coercion, conspiracy. There is issue of material fact of deliberate
16  indifference. The defendants were discriminatory against me on the basis of my Religion and/or
17  burdened my Right to practice my faith, Retaliated against me for not doing mcc-Tru soup program,
18  and for filing medical and property grievances Regarding mail theft and inadequate medical care. The
19  June 10, 2019 transfer was in retaliation and interrupted and interfered with urgent medical needs, and
20  Religious requirements of an accepted Religion. I did not request the transfer and the transfer was
21  not custody related. Doc policy 560.200 cites, Religious Programs, sets forth the responsibilities of
22  Doc in providing Religious and cultural opportunities for prisoners. Doc 560.200 (III), cites, a
23  prisoner will have the opportunity to express his or her Religious faith, which may include access to
24  activities, provided his or her presence at the activity does not present a threat to facility safety or
25  security. Further Doc 560.200 (iv)(D) provides that prisoners have reasonable access to Religious
26  activities. The defendants failed to ensure my Rights under Doc policy and constitutional
27  provision, and also failed to ensure my Rights to adequate medical care Regarding physical therapy.
28  CRCC Currently has a Messianic Religious program in place, I am a orthodox Judaism Jewish

12.

4-F

1  prisoner, and the faiths are too different under Jewish law for orthodoxy, thus I should be
2  allowed to practice my Religion seperately. Judaism Requires the practice of the use of candle
3  lighting, wine I.E. grape juice, and challah bread inwhich at minimum Requires a full hour of
4  Ritual worship for the purpose of service. Jewish law does not permit travel on Shabbos, so I
5  must be granted, a no sponsor status. The defendants neglected to endeavor locating a facility
6  that accommodated my Religious and medical needs, Rather CRCC was selected by the
7  defendants because it did not accommodate my medical and Religious needs, so the placement
8  would indeed interfer, interrupt and delay medical treatment pending and the practice of my
9  Religion. My transfer to CRCC was Retaliatory, this extends to the damage and loss of my CD
10  Radio and Cassette-player under Doc Policy 440.020. Upon my arrival at CRCC, PAC Ririe on
11  6-18-2019 took over my medical as treating physician in conjunction with PAC Landis as the
12  primary care giver. PAC Landis was not seen until 7-17-2019. At time of transfer I was
13  awaiting MRI testing to determine surgical need. The MRI was not until 7-3-2019 under
14  CRCC placement. However, on 7-17-2019 PAC Landis dismissed my condition as common and Refused to
15  seek further care. I filed a grievance on that day, 7-17-2019. There has been no change in my
16  condition to date, and I suffered ill effect with Respect to transport from MCC-TRU, WCC to
17  CRCC as a result of unwarranted Retaliatory transfer. There is genuine dispute as to
18  material fact and I am entitled to Relief under good cause. I have produced adequate
19  significant probative evidence tending to support the alligations within the framework of
20  my complaint. I allege the violation of a Right secured by the Constitution and laws of the
21  united states, and deprivation was committed by a person under color of state law. I have
22  established a constitutional violation under the Eighth Amendment due to inadequate
23  medical care, deliberate indifference by MCC-TRU medical and prison officials to a serious
24  medical and Religious need, including failure of medical officials to protect, manifested by a
25  prison doctors failure to respond to a prisoner's need, by intentionally denying and delaying
26  access to medical care, and intentional interference with treatment once prescribed, Refusal of
27  sick-call care, and Refusal to block transfer under medical hold, medical malpractice,
28  Constitution medical violation, and the victimization and abuse of a prisoner, under medical and

1   Custody personal denial of standard of decency who have inflicted cruel and unusual
2   punishment along with prison officials who acted recklessly by exhibiting a conscious
3   disregard to a substantial risk of serious harm to this prisoner. I have provided competent
4   medical and religious testimony as evidence that support the fact that my medical and religious
5   freedoms was jeopardized by the transfer and coordinated logistical capacious copious efforts
6   of the defendant's to deny me life, limb and liberty in the pursuit of happiness and freedoms
7   granted under law and U.S. Constitution. The defendant's ensured that the transfer would
8   indeed interfere with my medical treatment and religion, and did consolidate transfer of retaliation
9   with medical staff and HQ of DOC. The record will reflect that the defendant's sought to
10  ignor, isolate and strike from the record my medical and religious status. Under First
11  Amendment-Religious Discrimination and Free Exercise I argue as a Orthodox Judaism Jewish
12  person and prisoner, that, the defendant's discriminated against me under the premise of
13  hate crime and anti-semitism, that defendant's sought to prohibit me from conducting religious
14  services, a violation under the Equal Protection Clause and the First Amendment Freedom of
15  Religious clause. The defendant's restricted and limited my religious free exercise. The Equal
16  Protection Clause requires the state to treat all similar situated people equally, and ensure that
17  prison officials cannot discriminate against particular religions, it entitles each prisoner,
18  including a prisoner who is an adherent of a minority religion, to a reasonable
19  opportunity of pursuing his or her faith comparable to opportunity afforded fellow prisoners who
20  adhere to conventional religious precepts. Christian prisoners are given opportunity to
21  pursue faith comparable to that given Muslim prisoners. Prisons must make good faith
22  accommodations of prisoner rights in light of practical considerations. The defendants,
23  acting under the color of Washington state law, discriminated against me as a member of
24  an identifiable class, and the discrimination was intentional, and showing intentional
25  anti-semitism, hate crime and deliberate indifference. The defendant's in a nefarious coarse
26  discriminate fashion discriminate against me because I am an Orthodox Jewish prisoner. The
27  defendants treatment of me regarding transfer was retalitory discrimination by not setting
28  forth facility placement that provided a alternate location for me to conduct my religious

1   observance and services, and that could properly accommodate my medical physical therapy

2   needs and ongoing treatments Recommendation. I have provided evidence sufficient to raise

3   a genuine issue of material fact as to the motivations of the defendants. The defendants acted with

4   intent to discriminate and impede protected rights. The defendants burdened the practice of my

5   Religion by preventing me from engaging in conduct mandated by my faith without

6   justification reasonably related to legitimate penological interests, the defendants actions

7   reach the level of constitutional violations, the interference with one's practice of Religion, not

8   merely inconvenience; the burden is substantial and an interference with a tenet and belief

9   that is central to Religious doctrine. The defendants as prison officials showed negligence

10  and interfered with a prisoners ability to exercise his Religious beliefs. Defendants under the

11  Color of Washington state law knowingly placed a substantial burden on my ability to practice

12  Judaism in any form of Orthodoxy for Jewish prisoners at CRCC. The defendants have put

13  undue pressure on an adherent to modify his behavior and to violate his belief, and have forced

14  me to seek accommodations at CRCC under grievance program, thus defendants have denied this

15  prisoner Orthodox Judaism Jewish service, celebration and fast while at CRCC, a DOC, state

16  of Washington prison entity. The discrimination has substantially burdened this prisoners

17  practice of Religion. The transfer in retaliation, it chilled my First Amendment Right under (1)

18  I was subject to pain, deprevation of care, and Religious exercise, and damage and loss of property.

19  (2) The defendants actions was imposed due to my Refusal to attend non-court ordered

20  programing, and for grievances filed in departments and officials at MCC-TRU. (3) Refusal of SOTAP,

21  and usage of grievance program are legally and DOC protected under law and doc policy. (4) The

22  defendants adverse action prevented this prisoner freedom of speech when they Refused to allow

23  me Comments in the (FRMT) documentation on 5-9-2019, in which would have formally

24  documented my comments of my medical condition and the Reason why HQ transferred me to

25  MCC-TRU in November of 2017 under (Jewish Religious Transfer), to add defendants acted to

26  silence my grievance against MCC-TRU. (5) The transfer has not advanced a legitimate

27  penological goal for Rehabilitation of this prisoner. The transfer was the primary focus of the

28  defendant to cause me substantial medical and spiritual deprevation and harm as the root

1   motivating factor behind the conduct of the prison officials. (6) The defendants have set
2   forth a violation of freedom of speech. Based upon herebowith my First Amendment
3   Rights were actually chilled by the retaliatory actions of the defendants. The transfer was
4   retaliation based on the fact that it was solely based on the predicate of, I was unwilling to
5   participate in the SOTAP program. Records reflect the 2017 transfer to MCC-TRU from CRCC was
6   solely a religious transfer exclusively for Jewish religious services, the 5-11-2018 hard copy
7   of the (FRMT) under Melinda J. Murray supports this statement, the July 22, 2019 Response from
8   Dale Caldwell, HQ grievance coordinator manager also supports my claims. The transfer was not
9   a disciplinary action, nor did transfer relate to a threat to the safety and security of the
10  institution, nor was SOTAP court ordered regarding cause of incarceration of this prisoner.
11  SOTAP is a volunteer program regarding this prisoner. The defendants regarding medical violations
12  under constitutional protections. PAC Christiansen is also in failure of L & I reporting under
13  inadequate medical care. PAC Gumbo is also in failure of reporting a workplace injury to
14  L & I under inadequate medical care. PAC Horne was in failure to postpone and or stop the
15  transfer to CRCC is failure to protect along with her failing to report a workplace injury
16  to labor and industries. These defendants as MCC-TRU Health Service Providers have
17  denied this prisoner standard of decency and adequate health care and protections, this
18  violation of medical protected freedoms extend to the MCC-TRU Medical Clinics refusal to
19  provide this prisoner sick-call service on 5-12-2019, violations of the 8th and 1st
20  Amendments Rights to medical adequate care and religious freedoms. Good cause exists in this
21  matter because I am not satisfied due to CRCC lack of accommodations for my religious and
22  medical needs, a deprivation caused by the MCC-TRU (FRMT) retaliatory transfer. The
23  transfer was based on inappropriate and pretextual desire to punish, persecute, harm and
24  hurt medical, religious and grievance due process and Rights. The transfer was willfully not
25  designed to preserve this prisoners 1st, 8th, 14th, and 5th amendment Rights for medical care,
26  religious freedoms, and due processes. The transfer was retaliatory and clearly did not
27  advance legitimate penological interest. There is also evidence that the treatment of my CD
28  cassette Radio player was retaliatory as to the damage of a prisoners personal property

1. Regarding shipping of electronic property, along with the defendants not preserving my
2. ability to practice my faith, and meet my urgent medical needs. The defendants infringed upon
3. my access to exercise my faith, participate in the Doc grievance program, receive adequate
4. medical care, and protection of personal property. Due process rights were also violated
5. by Radio breakage under the fifth Amendment and under the Fourteenth Amendment,
6. under The Due Process Clause. The loss of personal property, under due process,
7. inadequacy is a viable due process claim with respect to the players damage in which
8. caused me loss of personal property. The complaint as a whole, sets that, The
9. defendants individually share liability, each defendant has personally participated in
10. the acts alleged, and are liable under Constitutional Violation provisions for
11. participation in a direct violation, and directing violations, knowing of the violations and
12. failed to act to cure the violations. Defendants each in their official duties and
13. Responsibilities conduct cause a Constitutional deprivation and were willful
14. participants in civil rights violations against this prisoner.
15.
16. The defendants caused and personally participated in causing the damages and harm
17. alleged. Defendants must be held liable solely on the basis of their supervisory
18. positions and responsibilities, their conduct was unconstitutional, the facts
19. establish and constitute a violation of numerous constitutional rights, due to their
20. coordinated efforts to deprave, physical harm, retaliate and religiously
21. disinfranchise this prisoner, in which has caused a prisoner irreparable harm
22. physically, mentally, spiritually and potentially human existantly due to Doc
23. has a history of permitting and or arranging demise of a troublesome prisoner
24. by way of cell moves, transit or medically induced. Jeffery Epstien case reflects
25. such types of prison irregularitie.. To add PAC Landis has denied any and all of the
26. four nerve medications highlighted on page 4-E.
27.
28.

1   I Richard Headen Warren hereby declare under penalty of purjury that
2   the Facts stated heretowith in this complaint are correct and true to the
3   best of my knowledge.
4
5
6
7
8
9
10
11
12
13                              Submitted:
14                    Date: August 30, 2019
15
16                    Richard Headen Warren
17                    Richard Headen (Warren)
18
19
20
21
22
23
24
25
26
27
28

# Appendix A

3 With Regards to my current disposition Religiously at CRCC.

5 My transfer to MCC-TRU From CRCC was a CRCC Chaplain and Hq Religious
6 program manager arrangement approximately 11-13-2017 For orthodox Judaism
7 Jewish praograming, I.E Services. This condition was agreed to by MCC-TRU
8 Officials and this PRISONER. ON 6-10-2019 MCC-TRU officials broke that
9 agreement and arrangement For non-custody and non-safety and security
10 of the orderly opperation of the Facility Reasons. Thus CRCC holds accountablity
11 being it was the promoter of the Religious Priority Transfer, thus I am intitled to
12 unconditional services at an unsponsored standing as prior before transfer to
13 MCC-TRU. This intitled weekly Friday evening weekly services 7pm to 8:40pm at
14 M-Building, Room 136, and yearly evening Room times and days For all yearly
15 Jewish High Holy Holidays, 7pm to 8:40pm.

17 **NOTE:** Travel is not permitted on Shabbas holiday begins Friday evening ending Saturday evening, this is
18 Jewish law For Judaism, In 2013-2017 CRCC attended shabbas services to the date by my without a
sponsor due to this law.

19 **NOTE:** MCC-TRU Committed Breach of Fiduciary duty.

## Appendix B

1

2  Additional Department of Corrections documentations Claimant Requests

3  the Court to Review.

4

5  A. DoC Policy 560.200, 2-17-2014 Revision Religious Program: Expression (B) 1.2.

6

7  B. Claimant's Medical Records 2-20-2019 to date of Filing of Claimant Complaint.

8

9  C. Claimant's 3-19-2004 Judgment and Sentence.

10

11  D. 5-10-2019 Primary Encounter Report of PAC Adelaide O. Horne.

12

13  E. 5-11-2019 (FRMT) hard Copy.

14

15  F. 5-17-2019 (FRMT) hard Copy.

16

17  G. Claimant's 6-18-2002 Criminal history.

18

19  H. 7-11-2019 DoC HQ Public Disclosure Response letter.

20

21  I. HQ Grievance Program Manager 7-22-2019 Response letter; Subject, Religion.

22

23  J. CRCC mail Room Property mail out log 6-25-2019; Subject; CD player.

24

25  K. Kiosk messages sent/Received, time Frame of 11-13-2017 - 8-13-2019.

26

27  L. 7-3-2019 Trios Hospital MRI testing Results.

28

## Appendix B

M. 6-10-2019 Callout of MCC-TRU; subject, physical therapy.

N. MCC-TRU D-unit Cell move log 11-13-2017 - 6-10-2019. subject, Abuse.

O. CRCC 6-2019 Property Disposition Form of Claimant; subject, CD player.

P. CRCC 2017 Transfer Documentation; subject, transfer of Claimant to MCC-TRU.

Q CRCC 2017 Officials and Chaplain e-mails; subject, transfer of Claimant to MCC-TRU.

R. MCC-TRU 2019 Officials and Chaplain e-mails; subject, transfer of Claimant to CRCC.

S. 2019 Neurologist and Neuro Surgeon opinions and surgical Results, subject, Claimants Condition and Repairs.

T. HSR's From 2-20-2019 to date. Note: MCC-TRU moved this prisoner to an upper bunk while using a Cane For an Atrophyed leg, and sciatica.

1  Witness: Duane D. Rhynes                    , Official Position: Counselor (G-unit)

2  Place of employment: Coyote Ridge Corrections Center                         .

3

4  Witness:  Erin Askren                       , Official Position:  Chaplain

5  Place of employment:  Coyote Ridge Corrections Center                        .

6

7  Witness: Melinda J. Murray                  , Official Position: Counselor (A-unit)

8  Place of employment: Monroe Corrections Complex - Twin Rivers unit

9

10  Witness: Henri Fischer                      , Official Position: Chaplain

11  Place of employment: Monroe Corrections Complex - Twin Rivers unit           .

12

13  Witness: Corianne Shuster                   , Official Position: Grievance Coordinator

14  Place of employment: Coyote Ridge Corrections Center                         .

15

16  Witness: Shane R. Bixie                     , Official Position: Health Service Provider

17  Place of employment: Coyote Ridge Corrections Center                         .

18

19  Witness: C/O  Simpson                       , Official Position: Officer (D-unit)

20  Place of employment: Monroe Corrections Complex - Twin Rivers unit           .

21

22  Witness: C/O  Hussy                         , Official Position: Officer (D-unit)

23  Place of employment: Monroe Corrections Complex - Twin Rivers unit           .

24

25  Witness: C/o  Hodgson                       , Official Position: CC2 Grievance Coordinator

26  Place of employment: Coyote Ridge Corrections Center                         .

27

28  Witness: Rachel E. Rand , Official Position: CC2: Counselor

    Place of employment: Coyote Ridge Corrections Center                         .

I would like the Court to award me the amount of Thirteen Million dollars in Compesation For: Pain and Suffering, Mental Anguish, Damages, Cruel and Unusual punishment, Discrimination, Emotional Distress, Mental Cruelty, Religious Rights Violations, Property Damage/loss, violation of Freedom of speech/due process, Irreparable Harm, Deliberate Indifference, lostwages, Inadequate Medical Care/Malpractice. I also desire the Court to exempt awardment From all Doc Deductions. Lastly, I Request of the Court to set Forth order, ordering CRCC to Re-establish prior weekly and yearly Religious non-sponsored orthodox Judaism Religious Service and High Holy Holiday From accommodations and Religious Items Conditions, and to set Fourth Order, ordering Doc to medically Repair my Injury.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __30th__ day of __August__ 20 __19__ .


_Richard H. Waddron_
(Signature of Plaintiff)

5

21.